**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **MELISHA WATT** | ) | **CASE NO: 13-cv-275** |
| 1857 Penbrooke Trail | ) | |
| Dayton, Ohio 45459 | ) | **JUDGE** _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MERCANTILE ADJUSTMENT** | ) | |
| **BUREAU, LLC** | ) | |
| c/o NATIONAL REGISTERED | ) | |
| AGENTS, INC. (Statutory Agent) | ) | |
| 1300 East Ninth Street | ) | |
| Cleveland, Ohio 44114, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| and | ) | |
| | ) | |
| **SECURITY CREDIT SERVICES, LLC** | ) | |
| c/o William Alias, Jr. (Stat. Agent) | ) | |
| 2653 West Oxford Loop, Suite 108 | ) | |
| PO Box 1156 | ) | |
| Oxford, MS  38655, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **WILLIAM ALIAS, JR.** | ) | |
| 2612 Jackson Avenue | ) | |
| Oxford, MS  38655, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

1

NOW COMES PLAINTIFF, **MELISHA WATT** by and through the undersigned counsel, and for her complaint against Defendants, **MERCANTILE ADJUSTMENT BUREAU, LLC**, **SECURITY CREDIT SERVICES, LLC**, and **WILLIAM ALIAS, JR.**, alleges and states as follows:

## INTRODUCTION

1. This is an action for statutory and actual damages brought by Plaintiff Melisha Watt, an individual consumer, against Mercantile Adjustment Bureau, LLC ("Mercantile"), Security Credit Services, LLC ("Security") and William Alias, Jr., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, (the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and which creates a private right of action to redress violations thereof.

2. These acts and practices similarly constitute violations Ohio's Consumer Sales Practices Act, R.C. §1345.01 *et seq.* ("CSPA").

## VENUE AND JURISDICTION

3. This action arises under 15 U.S.C. §1692, a federal statute, and thus this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §1391 in that Defendants transact business in this District and the cause of action asserted herein arose in this District.

## PARTIES

5. Ms. Watt is, and was at all relevant times herein, a resident of Dayton, Ohio.

6. Ms. Watt is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §1692a(3).

7. Ms. Watt is a "consumer" as defined in the CSPA, R.C. §1345.01(D).

8. Mercantile is a foreign corporate entity registered to do business in Ohio, which attempts to collect debts or otherwise obtain funds from Ohio consumers.

9. Mercantile is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6).

10. Mercantile is a "supplier" as defined at RC §1345.01(C).

11. Security is a foreign corporate entity not registered to do business in Ohio, which nevertheless attempts to collect debts or otherwise obtain funds from Ohio consumers.

12. Security is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6).

13. Security is a "supplier" as defined at RC §1345.01(C).

14. William Alias, Jr. is an officer and shareholder of Security.

15. William Alias, Jr. is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6).

16. William Alias, Jr. is a "supplier" as defined at RC §1345.01(C).

## FACTS

17. In October 2007, to the best of her recollection, Melisha Watt opened a store credit account with Meijer.

18. That account had a $425 credit limit.

19. Ms. Watt made one or more purchases of consumer goods with that account, and she made payments thereon.

20. According to her credit report, Ms. Watt's last payment on the Meijer's store credit account was made in May 2008.

21. There may have been a remaining card balance of not more than $397.

22. According this her credit report, Meijer charged off this amount sometime around November 2008.

23. In November of 2011, Mercantile sent a dunning letter to Ms. Watt, attempting to collect on this old Meijer account.

24. The dunning letter represented that Mercantile was collecting this debt on behalf of Security, which apparently acquired the account at some point in time.

25. Mercantile further claimed that the debt owed on this account exceeded $1,400.00.

26. Such amount could not possibly be accurate, because such amount would represent a more than 352% increase in the charged-off amount in a mere three (3) years.

27. Nonetheless, out of fear of damage to her credit and out of a desire to do the right thing, Ms. Watt made one or more payments to Mercantile and, thus, to Security, based on their representations to her of the amount owed.

28. Ms. Watt continued to make payments to Defendants through the end of 2012.

29. On February 11, 2013, Attorney Michael L. Fine sent written notification (by fax with electronic confirmation of receipt and with hardcopy forwarded by first class mail) to Mercantile (and, thus, to Security) that he represented Ms. Watt in relation to the alleged debt.

30. Attorney Fine informed Defendants that Ms. Watt disputed the debt and its calculation, and he requested verification thereof.

31. Neither Mercantile nor Security responded to Ms. Watt's attorney.

32. Rather, they apparently sold the debt to another collector.

33. In connection with the facts, events, and averments herein, Defendants acted willfully and maliciously, with spite and ill will, and/or with reckless disregard for Plaintiffs' rights and safety.

## FIRST CLAIM FOR RELIEF
(FDCPA Violations)

34. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully re-written herein.

35. Defendants violated 15 U.S.C. §§1692e(2)(A), 1692e(10) and 1692f(1) by misrepresenting to Ms. Watt the amount owed on an alleged debt and by attempting to collect and collecting amounts that were not expressly authorized by an agreement or permitted by law.

36. Defendants violated 15 U.S.C. §1692g(b) by continuing collection activities on an account after a request for verification was made.

37. Defendants violated other provisions of the FDCPA as described herein and to be proven at trial.

38. As a result of the foregoing, Ms. Watt has suffered actual damages.

39. Under the FDCPA, Ms. Watt is entitled to recover statutory damages, actual, damages, attorney fees, and costs, for the violations described herein.

## SECOND CLAIM FOR RELIEF
(CSPA Violations)

40. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully re-written herein.

41. R.C. §1345.02 prohibits unfair and deceptive acts and practices in connection with a consumer transaction.

42. As described herein and as to be proven at trial, Defendants violated this statute by making misrepresentations and engaging in deceptive acts.

5

43. R.C. §1345.03 prohibits the unconscionable acts and practices in connection with a consumer transaction.

44. As described herein and as to be proven at trial, Defendants violated this statute by engaging in unconscionable acts and practices.

45. Additionally, by violating the FDCPA, Defendants have violated CSPA.

46. Each of Defendants' violations of the FDCPA is a separate violation of the CSPA.

47. The Public Inspection File of the Ohio Attorney General contains cases declaring the acts and practices described herein to be illegal.

48. As a result of Defendants' violations of the CSPA, Plaintiff is entitled to compensatory damages, treble damages and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A. That this Court award to Ms. Watt statutory damages of $1,000 from Defendants herein for its various violations of the FDCPA.

B. That this Court award to Ms. Watt the greater of treble her actual damages or statutory damages in the amount of $200.00 for each of Defendant's violations of the CSPA.

C. That this Court award to Ms. Watt her actual damages, to include the return of all monies paid to Defendants.

D. That this Court award attorney's fees, costs, and interest to Ms. Watt pursuant to the FDCPA and the CSPA.

E. That this Honorable Court award to Ms. Watt such other and further relief as may be just and equitable, including a declaratory judgment that the acts and practices of Defendants are illegal.

>Respectfully submitted,
>
>s/ Michael L. Fine_____
>Michael L. Fine (0077131)
>3637 South Green Road, 2nd Floor
>Beachwood, OH  44122
>Phone & fax:  (216) 292-8884
>mfine@ohioconsumerlawyer.com

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues of fact in this action.

>s/ Michael L. Fine_____
>Michael L. Fine (0077131)
>3637 South Green Road, 2nd Floor
>Beachwood, OH  44122
>Phone & fax:  (216) 292-8884